## FRANK DUNCAN v. STATE.

No. A-6799. Opinion Filed July 28, 1928.
(269 Pac. 380.)

Clarence Mills, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of larceny of an automobile, and was sentenced to serve a term of five years in the state penitentiary.

Complaint is made that the court erred in his instructions 4, 5, 6, and 7. This assignment is not particularly stressed, but we have examined these instructions with care, and, while some of them are not well worded, they are, as a whole, as favorable to defendant as the law warrants. We deem it unnecessary to set them out or discuss them at length.

The contention particularly relied upon is that the evidence is insufficient to sustain the verdict and judgment. The evidence is entirely circumstantial; that for the state discloses a state of facts about as follows: An automobile Drive Yourself system at Oklahoma City, about 3 o'clock in the afternoon, rented a car to a salesman. About 5 o'clock he notified the lessor that the car had been stolen from Northeast Park, a resort about five miles out of the business district. The car concern notified the police department, furnishing number and description of the car. Two policemen, York and Farris, having information of the larceny, about 7 o'clock p. m. of that day, noticed three men looking over an automobile parked at Harvey and First street. Their actions were suspicious, and these two officers followed them for several blocks to Third and Dewey, where one of them stopped in the shadow of a tree near the corner. The

other two went down Dewey and turned into an alley between Second and Third, went along the alley to a garage and unlocked the door. The defendant was one of these men, and was standing at the door of the garage. He had a 45-caliber Colt's pistol in the front of his shirt. York was following them to this point. He arrested defendant, and shot at the other as he fled. Defendant was the only one of the three apprehended at the time. He talked but little to the officers, and his explanation to them was somewhat contradictory. The garage at which defendant had been arrested had been rented that afternoon to two persons, and in it was the stolen car. Defendant testified in substance: That he did not know his age, but was about 21 years old, had never been to school in his life, had been roaming the country looking for work, had gone from Denver, Colo., to Illinois, and got a job with a carnival, then helped a boilermaker at Bloomington. Went from there through St. Louis, Kansas City, and reached Oklahoma City about noon on that day. He did not have any money. That he ran across these two boys, and one asked if he wanted to make some money on a job. He said, "Yes," and they told him that, if he would carry a gun, they would give him $2. He took the gun, put it in his bosom, and they gave him $2, took him to a restaurant, gave him something to eat, and told him to follow them, about a block behind. That they went then to a little park and told him to wait until they came back. This was about 5:30. That while there he hid the gun, and he waited there for them until 9:30, when they returned and said that they would go and get their car, and he went with them, and when they got near the garage they told him to stand there until they came back, and he would give them the gun, and they would go on. That he had never seen them before; did not know their names; did not know why they wanted him to carry the gun. He was to do nothing but carry the gun, and when they came out of the alley with the

car was to hand it to them. He did not know they had a car.

That the car was stolen is not questioned, and that it was found some hours later under circumstances sufficient to show defendant either assisted in the taking or aided and abetted the other two men with him in the taking. Defendant's explanation is so unreasonable that we can well understand why the jury did not believe it. The defendant's language and conduct, also, is a circumstance indicating guilty knowledge. When asked by the officers to drive the car to the police station, he told them that he did not know how to drive a car; but he later drove the car to the station. He explained his reluctance by saying he did not want his finger prints about the car.

We agree with counsel who was appointed to defend that the record shows defendant to be poor, illiterate, and an object of pity. It is too bad that society is so organized that such conditions exist. Such conditions, however, present a problem that the courts are not able to solve. Betterment must come through some other channel of government or welfare organizations. There is proof of circumstances from which a reasonable and logical inference arises that defendant either directly committed the larceny or aided and abetted his two companions in the taking. It is well settled that, where there is substantial evidence, although circumstantial, from which a jury may reasonably and logically find the guilt of an accused, this court will not disturb the verdict for insufficiency.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.